# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2013

Lyle W. Cayce
Clerk

No. 12-20353
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ANGEL PEREZ RODRIGUEZ, also known as Luis Angel Perez, also known as Luis Perez, also known as Luis A. Perez-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-853-1

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Angel Perez Rodriguez (Perez) appeals the 47-month, below-guidelines sentence imposed by the district court following his guilty plea conviction of illegal reentry. Perez argues, for the first time on appeal, that the sentence imposed is substantively unreasonable. He contends that the district court should have imposed an even lower sentence because the Guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

overstated the seriousness of his prior robbery offense and because the sentence did not give adequate weight to his cultural assimilation.

Ordinarily, this court reviews the substantive reasonableness of a sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). However, because Perez failed to raise these arguments below, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The district court considered Perez's arguments in support of a sentence of one year and one day, but elected to impose a below-guidelines sentence of 47 months of imprisonment. Perez essentially seeks to have his sentence vacated based on a reweighing of the 18 U.S.C. § 3553(a) factors by this court. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify a reversal of the district court." *Gall*, 552 U.S. at 51. Accordingly, Perez has failed to show that the district court plainly erred by imposing a below-guidelines sentence. *See Puckett*, 556 U.S. at 135.

AFFIRMED.